UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
DOUGLAS JOHNSON,                          )
                                          )
                    Plaintiff,            )   No. C15-0766RSL
                                          )
          v.                              )   ORDER DENYING PLAINTIFF'S
                                          )   MOTION FOR SUMMARY
WYNDHAM VACATION OWNERSHIP,               )   JUDGMENT
INC.,                                     )
                                          )
                    Defendant.            )
_____)

This matter comes before the Court on plaintiff's motion for summary judgment. Dkt. # 13. Plaintiff alleges that defendant discriminated against him based on his race, age, and disability and retaliated against him, cutting off his medical benefits in 2013 and ultimately terminating his employment in 2014. Dkt. # 1. Plaintiff alleges violations of Title VII, the Americans With Disabilities Act ("ADA"), and the Employee Retirement Income Security Act ("ERISA"), but seeks summary judgment on only his ERISA claim. Plaintiff argues that defendant reclassified him as a part-time employee when he requested a schedule accommodation and cut off his healthcare benefits for the purpose of interfering with his use of those benefits in violation of ERISA § 510 (29 U.S.C. § 1140).[1]

---

[1] Defendant characterizes the motion as seeking summary judgment on two issues: "(1) whether Wyndham interfered with [plaintiff's] healthcare benefits in violation of ERISA . . . and (2) whether Wyndham retaliated against him for the discrimination charge he filed in 2012." Dkt. # 14 at 6-7.

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

---

Although the motion includes factual statements regarding a number of events, plaintiff's statement of the issues and the authorities provided are limited to the interference claim under ERISA.

[2] Although plaintiff's unsworn statements are not evidence of the matters set forth therein, the documents he has submitted are communications to or from defendant that memorialize the course of defendant's ADA investigation and the timing of certain requests and decisions. Some of these documents may not be in a form that would be admissible at trial (having been defaced or altered by plaintiff prior to their submission to the Court), but "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003). The forms and much of the information contained therein could, depending on the circumstances, be admitted into evidence at trial in a variety of ways. The Court has therefore considered the information in the context of plaintiff's motion.

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT           -2-

Section 510 of ERISA makes it unlawful to "discharge . . . or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the [employee benefit] plan . . . ." 29 U.S.C. § 1140. The purpose of § 510 is to prevent actions which might cut off or interfere with a beneficiary's ability to enjoy the benefits of the plan or which would punish him for utilizing the benefits of the plan. Lessard v. Applied Risk Mgmt., 307 F.3d 1020, 1024 (9th Cir. 2002). Plaintiff has the ultimate burden of showing that defendant acted with the purpose of interfering with his receipt of benefits, and he may do so through direct or circumstantial evidence. "[T]he existence of a specific intent to interfere with an employee's benefit rights is critical in § 510 cases – yet is seldom the subject of direct proof . . . ." Ritter v. Hughes Aircraft Co., 58 F.3d 454, 457 (9th Cir. 1995) (quoting Dister v. Cont'l Group, Inc., 859 F.2d 1108, 1111-12 (2nd Cir. 1988)). Plaintiff may, therefore, utilize the familiar burden shifting analysis of McDonnell Douglas v. Green, 411 U.S. 792 (1973), to prove intent if direct evidence regarding motive is unavailable. Lessard, 307 F.3d at 1025.

In December 2012, plaintiff requested a part-time schedule and certain workplace accommodations. Defendant contacted plaintiff's physician to ascertain whether the requested accommodations would allow him to work full-time and/or whether the situation would resolve itself in the foreseeable future. In January 2013, defendant became aware that plaintiff would need surgery and 2-3 months of physical therapy before he would be ready to return to work full-time. On February 6, 2014, defendant notified plaintiff that his request for an accommodation had been granted, but that "[a]s a result of your change to part-time status, benefits will cease March 1, 2013." Dkt. # 13 at 10. Defendant acknowledges that it had some flexibility regarding whether to terminate plaintiff's benefits: it was not an automatic alteration. It decided to terminate benefits in early February "because [plaintiff] did not work enough hours each week under the Plan and was restricted to part-time work indefinitely by virtue of [his] not

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT           -3-

desiring to undergo surgery." Dkt. # 16 at ¶ 7.[3]

An inference of improper motive may arise where an employer is aware that an employee will begin utilizing benefits in the near future and terminates those benefits in the months beforehand. See Fitzgerald v. Action, Inc., 521 F.3d 867, 972-73 (8th Cir. 2008) (termination shortly after the employee notified the employer of need to have shoulder surgery established prima facie case of interference); Dister, 859 F.2d at 1115 (termination of an employee four months prior to vesting of his pension rights creates an inference of discrimination). An intent to interfere with the receipt of benefits is not the only explanation, however, and defendant has provided a legitimate, non-discriminatory reason for recharacterizing plaintiff's employment status in February 2013. Whether defendant acted for the purpose of avoiding the payment of anticipated benefits or whether it was simply applying established corporate policy when it recharacterized plaintiff to part-time status and terminated his healthcare benefits cannot be determined in the context of this motion for summary judgment. Plaintiff has not shown that he is entitled to summary judgment on this issue.

For all of the foregoing reasons, plaintiff's motion for judgment on his § 501 interference claim (Dkt. # 13) is DENIED.

Dated this 20th day of November, 2015.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] Plaintiff disputes the characterization of his injury as indefinite and states that he was preparing for surgery when his healthcare benefits were discontinued.

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                -4-