UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS JOHNSON,<br><br>        Plaintiff,<br><br>        v.<br><br>WYNDHAM VACATION OWNERSHIP, INC.,<br><br>        Defendant. | NO. C15-766RSL<br><br>ORDER GRANTING DEFENDANT'S RENEWED MOTION TO DISMISS AS A DISCOVERY SANCTION |

This matter comes before the Court on "Defendant's Renewed Motion to Dismiss as a Discovery Sanction," Dkt. # 82, to which plaintiff has not responded. Having reviewed defendant's briefing and the remainder of the record, the Court GRANTS defendant's motion for the reasons that follow.

## BACKGROUND

Plaintiff Douglas Johnson filed suit against defendant Wyndham Vacation Ownership, Inc., claiming that defendant, his employer, had terminated his health benefits in retaliation for plaintiff's EEOC complaints about race discrimination at work, thus violating the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140. Dkt. # 1. On November 24, 2015, defendant served plaintiff with its first set of interrogatories, requests for production, and requests for admission. Dkt. # 46-1 at 1–90, 53–64. On January 11, 2016, two weeks after plaintiff's responses were due, defendant sent plaintiff a letter asking him to respond to the

ORDER GRANTING DEFENDANT'S RENEWED
MOTION TO DISMISS AS A DISCOVERY SANCTION - 1

discovery requests. Id. at 44–45. On February 24, 2016, defendant received plaintiff's responses to defendant's discovery requests and requests for admission. Id. at 46–52, 65–68. Plaintiff indicated that he would not sit for a deposition, and has not served defendant with his initial Rule 26(a)(1)(A) disclosures. Id. at 48, 4. Defendant moved for an order compelling plaintiff to provide more complete responses to its discovery requests, to sit for a deposition, and to provide his initial disclosures. Dkt. # 45.

On July 11, 2016, the Court granted in part defendant's motion to compel. The Court ordered plaintiff to respond completely to defendant's discovery requests and requests for admission within 30 days, to sit for a deposition within 45 days, and to provide initial disclosures to defendant within 30 days. Dkt. # 58. The Court repeatedly cautioned plaintiff that failure to comply with any portion of its order would result in sanctions up to and including dismissal.

In response, plaintiff moved to vacate the Court's order compelling his compliance with defendant's discovery requests. Dkt. # 59. The Court denied plaintiff's motion on August 29, 2016, and gave plaintiff an additional 30 days to comply fully with the July 11, 2016 order. Dkt. # 63. The Court reiterated that failure to comply would expose plaintiff to sanctions, including dismissal sanctions, and that "additional motions filed by plaintiff will not change this deadline." Dkt. # 63 at 2.

On October 6, 2016, defendant moved to dismiss as a discovery sanction and requested attorney's fees, alleging that plaintiff had still failed to comply with the Court's order. Dkt. # 65. Plaintiff did not dispute that he had not complied with the Court's orders; rather, plaintiff asserted that the discovery he had already provided was sufficient, and that defendant was intentionally making unrealistic discovery requests. Dkt. # 68. Plaintiff also moved for an order "compelling the defendant to reasonable scheduling." Dkt. # 64. While finding that plaintiff's noncompliance was willful, the Court nevertheless concluded that dismissal was too drastic and instead sanctioned plaintiff by awarding defendant the reasonable expenses incurred in filing its motion to compel. Dkt. # 72. Plaintiff moved for reconsideration of this order, Dkt. # 78, which

ORDER GRANTING DEFENDANT'S RENEWED
MOTION TO DISMISS AS A DISCOVERY SANCTION - 2

1  the Court denied, Dkt. # 81.  Still, in light of plaintiff's financial hardship, the Court reduced the
2  requested fee award by 80% and awarded defendant $908.36 in fees and costs.  Dkt. # 81.

3  On January 5, 2017, defendant filed this renewed motion to dismiss as a discovery
4  sanction, alleging that plaintiff has failed entirely to produce discovery or to respond to
5  defendant's attempts to schedule a deposition, as ordered by this Court.

## DISCUSSION

7  Under Federal Rule of Civil Procedure 37(b)(2), the Court may impose sanctions for
8  failure to obey an order to provide discovery.  Permissible sanctions for a party's failure to obey
9  a discovery order include "dismissing the action or proceeding in whole or in part."  Fed. R. Civ.
10  P. 37(b)(2)(A)(v).  Defendant asks the Court to dismiss this action on that ground.

11  As before, the Court finds that plaintiff's violations of this Court's explicit orders were
12  "due to willfulness, bad faith, or fault of the party."  Commodity Futures Trading Comm'n v.
13  Noble Metals Int'l, Inc., 67 F.3d 766, 771 (9th Cir. 1995); see U.S. for Use & Ben. of Wiltec
14  Guam, Inc. v. Kahaluu Const. Co., 857 F.2d 600, 603 n.5 (9th Cir. 1988) (same analysis applies
15  to case-dispositive sanctions against either party).

16  After finding willfulness, bad faith, or fault, the Court must weigh five factors in deciding
17  whether dismissal is the appropriate sanction:  (1) the public's interest in expeditious resolution
18  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
19  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
20  drastic sanctions.  In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1226
21  (9th Cir. 2006) (internal quotation marks omitted).  "[W]here a court order is violated, factors 1
22  and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and
23  the availability of less drastic sanctions, are decisive."  Valley Engineers Inc. v. Elec. Eng'g Co.,
24  158 F.3d 1051, 1057 (9th Cir. 1998).  Factor 5 encompasses three additional questions:  "(1) Did
25  the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative
26  sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning

ORDER GRANTING DEFENDANT'S RENEWED
MOTION TO DISMISS AS A DISCOVERY SANCTION - 3

or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987).

The first two factors are often considered together. In re PPA Products Liab. Litig., 460 F.3d at 1227. In this case, plaintiff's failure to comply first with his discovery obligations and then with the Court's order has led the Court to expend time and judicial resources addressing plaintiff's discovery failures and has delayed the resolution of this action. The Court has extended the deadlines in this case three times and allowed plaintiff a significant amount of time to comply with its orders. Dkt. ## 58, 63, 72.

As to the third factor, defendant has suffered prejudice as a result of plaintiff's failure to provide discovery, including failure to provide information so fundamental that it is required to be provided in parties' initial disclosures. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) ("A defendant suffers prejudice if plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. . . . Failure to produce documents as ordered . . . is considered sufficient prejudice."). Thus, the first three factors weigh in favor of dismissal.

While the fourth factor – the public policy favoring disposition of cases on their merits – weighs against dismissal, upon consideration of the fifth factor, the Court concludes that dismissal of this case is appropriate. In its most recent order compelling discovery, the Court warned plaintiff that continued failure to comply would result in dismissal. Dkt. # 72. Plaintiff has not complied. His claims must be dismissed.

The Court declines to award defendant its reasonable expenses, including attorney's fees, incurred in making its renewed motion, as the Court has already awarded defendant over $900 in fees as a discovery sanction and plaintiff's financial circumstances would make a sanction of additional fees unjust. See Fed. R. Civ. P. 37(b)(2)(C).

ORDER GRANTING DEFENDANT'S RENEWED
MOTION TO DISMISS AS A DISCOVERY SANCTION - 4

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's renewed motion to dismiss as a discovery sanction. Dkt. # 82. Defendant's third motion to continue, Dkt. # 85, is DENIED as moot. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

DATED this 3rd day of February, 2017.

Robert S. Lasnik
United States District Judge